UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



NOBLE DREW ALI,

    Plaintiff,

v.                                         ACTION NO. 2:12cv270

HONORABLE JUDGE LEVY,

    Defendant.

## DISMISSAL ORDER

Plaintiff, a Virginia inmate, brings this pro se action pursuant to 42 U.S.C. § 1983 to redress an alleged violation of Plaintiff's constitutional rights. In the Complaint, Plaintiff claims that Defendant Levy did not take into consideration that the only reason Plaintiff failed to appear for a court date was that he was incarcerated. Plaintiff seeks $14,800 and relief from having to pay court fees, attorney fees, restitution, and fines. Plaintiff also seeks to be relieved of having to attend A.S.A.P. classes.

Pursuant to 28 U.S.C. § 1915A[1], the Court must engage in a preliminary screening of cases

---

[1] 1915A. Screening
    (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
    (b) Grounds for Dismissal. --On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
        (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.
    (c) Definition. -- As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss a complaint, or any portion of a complaint, if it is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Based upon careful consideration of Plaintiff's pleadings, the Court determines that dismissal of this action is appropriate under 28 U.S.C. § 1915A(b)(1). Section 1915A(b)(1) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. In enacting 28 U.S.C. § 1915A, Congress appropriated the familiar standard of review applicable to motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing Plaintiff's Complaint pursuant to the mandated screening process, therefore, the Court applies the same standard. The facts alleged by Plaintiff, though not the legal conclusions, must be taken as true. Loe v. Armistead, 582 F.2d 1291, 1292 (4th Cir. 1978); Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009). A pro se complaint should survive only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and beyond the level that is merely conceivable. Id. at 545; Iqbal, 129 S. Ct. at 1951.

A pro se complaint involving civil rights issues should be liberally construed. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). However, a court is not required "to accept as true a legal conclusion couched as a factual allegation," Papasan v. Allain, 478 U.S. 265, 286 (1986), or a legal conclusion unsupported by factual allegations. Iqbal, 129 S. Ct. at 1951. Dismissal may

be appropriate when a complaint contains a detailed description of underlying facts that fails to state a viable claim. Estelle v. Gamble, 429 U.S. 97, 106-09 (1976); Twombly, 550 U.S. at 558.

Plaintiff's request for monetary damages from Defendant Levy is unavailing. It is well established that judges are absolutely immune from liability for judicial acts that are not performed in clear absence of all jurisdiction. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). "Judges have absolute immunity not because of their particular location within the Government but because of the special nature of their responsibilities." Butz v. Economou, 438 U.S. 478, 511 (1978). Moreover, "judicial immunity is not overcome by allegations of bad faith or malice." Mireles v. Waco, 502 U.S. 9, 11 (1991).

The protection of absolute immunity exists to help guarantee an independent, disinterested decision-making process. This protection prevents harassment and intimidation by precluding the possibility of lawsuits by disgruntled litigants. See Butz, 438 U.S. at 512. The requirements of judicial acts and jurisdiction must be broadly construed to further these policies when determining the scope of judicial immunity. See Holloway v. Walker, 765 F.2d 517, 523-24 (5th Cir. 1985). Here, the acts by Defendant were clearly judicial.

To the extent that Plaintiff seeks injunctive relief, it appears that he seeks relief with respect to the underlying D.U.I. conviction rather than fees and costs associated with the failure to appear charge. Moreover, Plaintiff's Complaint is an impermissible attempt to appeal the procedures and rulings of the Stafford General District Court. This is not within the ambit of this Court's jurisdiction. See Ganey v. Barefoot, 749 F.2d 1124, 1127-28 (4th Cir. 1984); see also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 (1983) (explaining that a federal district court has no authority to review state court judgments); Rooker v. Fidelity Trust Co., 263 U.S.413,

415-16 (explaining that district courts do not have appellate jurisdiction over state court judgments). As the Court of Appeals for the Fourth Circuit has explained:

> our intrusion into such matters of state court practice and procedure would be highly disruptive of state courts. The state courts are fully capable of managing the processing of their case load, and they should be allowed to do it. If along the way some federally secured right should be violated, the party would have potential access to the Supreme Court of the United States, but our intervention would be a serious violation of the principles of federalism and of comity.

Ganey, 749 F.2d at 1128; see also Leonard v. Suthard, 927 F.2d 168 (4th Cir. 1991).

In conclusion, the Court **FINDS** that Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, this case is hereby **DISMISSED**. Plaintiff's motion to proceed *in forma pauperis* is **MOOT**. Therefore, the Court does not rule on Plaintiff's request to proceed *in forma pauperis*.

Moreover, 28 U.S.C. § 1915(g) prohibits a prisoner from bringing a civil action or appealing a judgment in a civil action under section 1915 if "the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical harm." Accordingly, the Court CAUTIONS Plaintiff that this action was dismissed by the Court for failure to state a claim upon which relief can be granted.

Plaintiff may appeal from this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within thirty (30) days from the date of this Dismissal Order. If Plaintiff wishes to proceed *in forma pauperis* on appeal, the

application to proceed *in forma pauperis* is to be submitted to the Clerk, United States Court of Appeals, Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **DIRECTED** to mail a copy of this Dismissal Order to Plaintiff.

**IT IS SO ORDERED**.

/s/ MSD
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

May 29, 2012